**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| MICHAEL MAYFIELD, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACE AMERICAN INSURANCE COMPANY,<br><br>Defendant. | NO.<br><br>COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF – CLASS ACTION |

## I.   PARTIES

1.   Plaintiff Michael Mayfield is an individual residing in King County, Washington.

2.   At all times relevant hereto, Plaintiff Mayfield was a licensed airline pilot employed by Delta Air Lines, Inc.

3.   Defendant ACE American Insurance Company (hereinafter "ACE" or "ACE Insurance") is an insurance company licensed to conduct business in the State of Washington, incorporated and with its principal place of business in the State of Pennsylvania.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF – CLASS
ACTION - 1

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

4. In 2016, ACE's parent company, ACE Limited, purchased Chubb Corporation and became the world's largest publicly traded property and casualty insurance company. After the purchase was complete, the name CHUBB was adopted for the new combined corporate entity.

5. At all times relevant hereto, Defendant ACE and/or CHUBB provided insurance coverages to individuals, including the employees of Delta Airlines, as described below.

6. Administrative Concepts, Inc. (hereinafter "ACI") is a Pennsylvania corporation that at all times relevant hereto was acting for Defendant ACE and/or CHUBB as its "authorized representative" and/or "authorized agent" to administer and/or pay out claims for insurance benefits, including but not limited to the claim made by Plaintiff Mayfield under the Policy as described below.

## II.   JURISDICTION & VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331(a)(1) as this matter involves questions of federal law, under 29 U.S.C. § 1132(f), and under 28 U.S.C. § 1332 because Plaintiff Mayfield and Defendant ACE are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This Court has personal jurisdiction over the parties to this action because Plaintiff's claims arise from ACE's transaction of business within this judicial district.

9. Venue is proper in the Western District of Washington under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred within this judicial district.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF – CLASS
ACTION - 2

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

## III.   FACTS

**A.   <u>The Policy</u>**

10. Plaintiff Mayfield is, and at all relevant times was an insured under a "Group Accident" insurance policy issued by Defendant ACE for Delta Airlines, Inc. ("Delta"), under policy number ADD NO4983233 ("the Policy").

11. The Policy provided insurance coverage benefits to employees of Delta, as part of a benefit plan authorized under the federal Employee Retirement Income Security Act of 1974 ("ERISA").

12. The Delta employees eligible for coverage under the Policy include pilots, flight attendants, ground crew members, and office and clerical staff in the United States, Puerto Rico, Canada, the United Kingdom, the Bahamas, and Bermuda.

13. The Policy provided Mr. Mayfield coverage if Mr. Mayfield or his wife, Alison Mayfield ("Mrs. Mayfield") suffered a "Covered Loss." One of the Covered Losses under the Policy was the accidental loss of life.

14. Under the heading of "Claims Provisions", the Policy contains the following language (hereinafter referred to as the "Interest Clause"):

> **Claims Information.** Within 15 working days of receipt of proof of loss, We will mail Covered Person a letter or notice explaining why a claim or any part has not been paid. Also, the letter or notice will include a list of any information needed to process the claim. When We have received this additional information, We have 15 working days to either pay or deny the claim. We will explain Our decision to the Covered Person.
>
> If We do not meet all of the above conditions, We will pay the Covered Person 18% interest per year on the benefits due. This applies only to benefits due under the Policy for which the above procedure has not been followed.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF – CLASS
ACTION - 3

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

15. The "Summary Plan Description" for the Policy, which ERISA requires be made available to all covered employees, including Mr. Mayfield, did not mention the Interest Clause, or provide any general notice that interest would be owed on delayed payments of benefits under the Policy.

**B.   Mrs. Mayfield's Death and Defendant ACE's Review of the Claim**

16. On or about April 21, 2016, Mrs. Mayfield suffered sudden cardiac death at her home, as a result of the interaction of medications she was taking as prescribed by her doctors.

17. On or about August 8, 2016, Mr. Mayfield faxed a Proof of Claim form to Defendant ACE for monetary benefits payable under the Policy due to Mrs. Mayfield's accidental death.

18. On or about August 9, 2016, ACI sent Mr. Mayfield a letter stating that "[w]e are the benefits administrator for the Accidental Death … policy provided by Delta Airlines, underwritten by ACE American Insurance Company", and acknowledging receipt of his Proof of Claim.

19. In its August 9, 2016 letter, ACI informed Mr. Mayfield that it had already sent out requests for some of Mrs. Mayfield's medical records and for the autopsy report and toxicology testing results.

20. ACI also requested that Mr. Mayfield complete a HIPAA release to allow ACI to obtain additional medical records to review his claim, and that he provide a list of all medications and their dosages that Mrs. Mayfield was taking at the time of her death.

21. On or about August 23, 2016, Mr. Mayfield faxed ACI the list of Mrs. Mayfield's medication and their dosages and the completed and signed HIPAA release.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF – CLASS ACTION - 4

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

22. ACI used the HIPAA release provided by Mr. Mayfield to request additional records from three of Mrs. Mayfield's medical providers.

23. Between September of 2016 and January of 2017, ACI received all the medical records it had requested for Mrs. Mayfield.  ACI received the last set of medical records it had requested on January 5, 2017.

24. Under the Interest Clause of the Policy quoted above, ACE had 15 working days from January 5, 2017, or until January 26, 2017, to either pay or deny Mr. Mayfield's claim for the accidental death benefits.

25. Under said Policy terms, when ACE failed to meet that condition, interest at the rate of 18% per year began to accrue on the benefits due and owing to Mr. Mayfield.

**C.     ACE Received an Outside Medical Review and then Denied the Claim**

26. At some point in the review process, ACI sent some of Mrs. Mayfield's medical records to a purported outside and "independent medical reviewer."

27. On or about February 26, 2107, this reviewer sent ACI a two-page report.

28. In a letter dated March 20, 2017, ACI, acting for ACE, denied Mr. Mayfield's claim on the stated grounds that the level of prescription pain medication found in Mrs. Mayfield's system was outside of the therapeutic range, and therefore not taken as prescribed by her doctor.

29. The denial letter of March 20, 2017 made no mention of a medical review or that ACE was relying on such a review to make the denial. Neither ACE nor ACI ever identified the medical review as "additional information" needed to process the claim in any letter or notice sent to Mr. Mayfield under the terms of the Interest Clause.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF – CLASS
ACTION - 5

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

30. ACE's denial came 225 days after ACI had received Mr. Mayfield's Proof of Claim, and 74 days after ACE had received the last of Mrs. Mayfield's medical records it had requested.

**D.  Mr. Mayfield's Appeals, and Payment of the Claim**

31. On May 11, 2017, Mr. Mayfield wrote to ACI requesting copies of all documents, records, and information that they had supporting the denial of the claim.

32. On or about June 16, 2017, ACI provided Mr. Mayfield with copies of the medical records of Mrs. Mayfield they had received, as well as "a copy of the Independent Medical Review that was performed on the records submitted."

33. The enclosed "independent medical review" consisted of two mismatched, poorly reproduced pages indicating that the author concluded, based on review of certain select records, that Mrs. Mayfield's death was due to a "self-inflicted" overdose from taking medication beyond what she was prescribed.

34. This "independent review" was unsigned and did not indicate in any way the identity of the author.

35. On July 13, 2017, Mr. Mayfield wrote to ACI requesting a complete, signed copy of the medical reviewer's report, and the author's identity.

36. On or about July 31, 2017, ACI responded by letter stating that Mr. Mayfield had received the complete report and refusing his request for the reviewer's identity because such information "is kept confidential."

37. On September 13, 2017, counsel for Mr. Mayfield sent ACI his appeal of the claim denial, asserting that the "independent medical review" was unsupported by medical

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF – CLASS
ACTION - 6

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

science, and that ACE's refusal to disclose the identity of the medical reviewer was improper.

38.	On September 25, 2017, ACI, acting for ACE, denied Mr. Mayfield's appeal based upon the two-page medical review.

39.	On March 22, 2018, counsel for Mr. Mayfield submitted a second level appeal of ACE's denial, supported by expert testimony that refuted the bases and conclusions of the medical review and that explained Mrs. Mayfield had in fact died after taking her medications at the prescribed and therapeutic dosages.

40.	On April 11, 2018, ACI acknowledged by letter its receipt of the second appeal and stated it was being forwarded to the ERISA appeals committee at CHUBB.

41.	On April 24, 2018, counsel for Mr. Mayfield wrote to ACI and requested a full set of the "plan documents," namely the Policy applicable to Mr. Mayfield's claim for accidental death benefits.

42.	On or about May 1, 2018, CHUBB sent a letter to Mr. Mayfield's counsel stating that its ERISA Review committee had determined that Mr. Mayfield's claim was payable.

43.	On or about May 4, 2018, Mr. Mayfield received payment of his claim in the amount of $1,229,250.

44.	CHUBB's payment of Mr. Mayfield's claim came 634 days after ACE first received Mr. Mayfield's Proof of Loss.

45.	CHUBB's payment came 463 days after January 26, 2017, which was the 15th business day after ACI received the last set of medical records that it had requested and

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF – CLASS
ACTION - 7

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

identified in its notice to Mr. Mayfield, and the date when interest at 18% per year began to accrue on the delayed payment under the Interest Clause of the Policy.

**E.     The Denial of Interest Owed Under the Policy**

46.     On May 2, 2018, counsel for Mr. Mayfield emailed ACI requesting more information about the payment of claim benefits, including how much interest would be provided for the delayed payment.

47.     On May 3, 2018 ACI responded saying that the request for interest had been forwarded to CHUBB for "further consideration."

48.     On May 11, 2018, counsel for Mr. Mayfield again asked ACI to provide a complete set of the Policy documents, as previously requested by letter on April 24, 2018.

49.     On or about May 16, 2018, CHUBB responded by letter stating that there was no basis for a payment of interest and its adjudication of Mr. Mayfield's claim complied with the ERISA claims procedures. CHUBB's letter did not mention the Interest Clause.

50.     On May 24, 2018, counsel for Mr. Mayfield wrote to CHUBB detailing the numerous violations of ERISA claims procedures that had occurred in the handling of Mr. Mayfield's claim, including the ongoing failure to provide Mr. Mayfield with a complete copy of the underlying Policy and other plan documents.

51.     The May 24, 2018 letter repeated Mr. Mayfield's request for interest owing on the delayed payment.

52.     On or about June 13, 2018, ACI sent counsel for Mr. Mayfield a copy of the Policy which contained the Interest Clause quoted above.

53.      On or about June 18, 2018 CHUBB responded to the May 24, 2018 letter by repeating its assertion that it had met the requirements of ERISA, and that no interest was

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF – CLASS
ACTION - 8

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

due to Mr. Mayfield. CHUBB's letter did not mention the Interest Clause.

## IV.  CLASS ALLEGATIONS

54.  Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Fed. R. Civ. P. 23. This action satisfies the requirements of Fed. R. Civ. P. 23(a) and one or more of the subsections of Fed. R. Civ. P. 23(b).

55.  The proposed class includes:

All persons who:

(1)  made claims under a group accident insurance policy issued by ACE and/or CHUBB as part of an ERISA benefit plan that contained a provision materially identical to that quoted below:

**Claims Information.** Within 15 working days of receipt of proof of loss, We will mail Covered Person a letter or notice explaining why a claim or any part has not been paid. Also, the letter or notice will include a list of any information needed to process the claim. When We have received this additional information, We have 15 working days to either pay or deny the claim. We will explain Our decision to the Covered Person.

If We do not meet all of the above conditions, We will pay the Covered Person 18% interest per year on the benefits due. This applies only to benefits due under the Policy for which the above procedure has not been followed;

(2)  whose claims were not paid or denied by ACE and/or CHUBB within the deadline set forth in the provision from the date the company or its agents received all information listed in the notice or letter to the claimant as needed to process the claims; and

(3)  who were not paid interest on benefits due and ultimately paid.

56.  Plaintiff reserves the right to modify or amend the definition of the proposed class at any time prior to certification of the class by the Court.

57.  The proposed class is so numerous that joinder of all class members is impracticable. On information and belief, the proposed class includes hundreds, if not thousands of persons.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF – CLASS
ACTION - 9

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

58. Common questions of law and fact exist as to all proposed class members and predominate over individual questions of law and fact. The common questions include, but are not limited to:

 a. Whether ACE and/or CHUBB have a policy, pattern, or practice of failing to pay interest due under the terms of its ERISA group accident policies when they fail to timely pay or deny the benefits due under the policies;

 b. Whether ACE and/or CHUBB have a policy, pattern, or practice of considering "independent medical reviews" as additional information needed to process claims under the terms of its ERISA group accident policies for purposes of determining the deadlines and entitlements to interest under the claims processing provisions of the policies;

 c. Whether "independent medical reviews" can constitute additional information needed to process claims under the terms of ACE's and/or CHUBB's ERISA group accident policies for purposes of determining the deadlines and entitlements to interest under the claims processing provisions of the policies, where such reviews are not listed in the notice or letters to claimants as such needed information; and

 d. Whether ACE's and/or CHUBB's failure to pay interest on benefits due under their ERISA group accident policies in the event of untimely denials or payments breached their contracts and/or violated ERISA, 29 U.S.C. § 1132(a)(1)(B), where interest is specifically provided for under the terms of the policies.

59. Plaintiff's claims are typical of the claims of other members of the proposed class, and ACE and/or CHUBB have no unique defenses to Plaintiff's claims. Like other members of the proposed class, Plaintiff was not paid interest by ACE and/or CHUBB on benefits due under his ERISA Group Accident Policy even though ACE and/or CHUBB neither paid nor denied those benefits within 15 working days of obtaining all the information listed by ACE in its notices and letters to Plaintiff as needed to process the claim. This failure by ACE and/or CHUBB was based entirely on ACE's own policies and practices, not by any act or omission on the part of Plaintiff.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF – CLASS
ACTION - 10

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

60. Plaintiff will fairly and adequately protect the interests of the proposed class. There is no adversity of interest between Plaintiff and the other members of the class, Plaintiff will vigorously pursue the claims on behalf of the class, and Plaintiff is represented by counsel who are competent and experienced in ERISA law and class action litigation.

61. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. There is no special interest of class members in individually controlling the prosecution or defense of separate actions. Plaintiff is unaware of any litigation commenced by or against members of the class concerning this controversy. Concentrating litigation of the claims in this forum is desirable because it will result in a greater uniformity of result and more economical and efficient use of judicial resources and the resources of the parties than dozens or hundreds of individual actions. Finally, there are no special difficulties that would be encountered in the management of the class claims.

62. Moreover, a class action is the superior means of adjudication because, in the absence of class treatment, it is likely that many putative class members will not even recognize that they have claims for interest under their ERISA policy provisions and therefore will be denied any potential recovery or determination of their rights under their policies. As set forth above, ACE and/or CHUBB repeatedly delayed providing Plaintiff and his counsel with a copy of the Policy and repeatedly denied that Plaintiff had any entitlement to interest on their late payment of benefits. It was only through the persistence of counsel over the course of many months that Plaintiff ultimately obtained the Policy and learned of the applicable Interest Clause.

## V. CLAIMS

63. The allegations of the preceding paragraphs are incorporated by reference.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF – CLASS
ACTION - 11

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

64. ERISA § 502(a)(1)(B) expressly authorizes participants or beneficiaries of an ERISA plan to bring an action "to recover benefits due to him under the terms of his plan [and] to enforce his rights under the terms of the plan."

65. Pursuant to the Interest Clause and Policy provisions quoted above, interest on benefits due is itself a benefit due under the terms of the plan when ACE and/or CHUBB fail to timely pay or deny a claim.

66. ACE and/or CHUBB breached their insurance contracts with Plaintiff and the class members when they failed and refused to pay interest on benefits due after failing to timely pay or deny claims under their ERISA group accident policies.

67. Plaintiff and the members of the class may bring the present action under ERISA to recover interest due and to enforce their rights under the terms of their plans.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1. Certification of this case as a class action under Fed. R. Civ. P. 23(a) and one or more of the subsections of Fed. R. Civ. P. 23(b).

2. An award of damages and recovery of benefits due pursuant to ERISA § 502(a)(1)(B);

3. An award of attorney's fees and other costs and expenses of litigation pursuant to ERISA § 502(g)(1) and as otherwise provided by law; and

4. Such other and further relief as this Court deems just and proper.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF – CLASS ACTION - 12

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1  DATED this 26th day of November, 2018.

2                              SCHROETER GOLDMARK & BENDER

3                              *s/ Lindsay L. Halm*

4                              _____
                               Adam J. Berger, WSBA #20714
5                              Lindsay L. Halm, WSBA #37141
                               810 Third Avenue, Suite 500
6                              Seattle, WA  98104
                               Telephone: (206) 622-8000
7                              berger@sgb-law.com
                               halm@sgb-law.com
8

9                              MENZER LAW FIRM, PLLC
                               Matthew N. Menzer, WSBA #21665
10                             JohnDavid Toren, WSBA #48198
                               705 Second Avenue, Suite 800
11                             Seattle, WA  98104
                               Telephone: (206) 903-1818
12                             mnm@menzerlawfirm.com
                               johndavid@menzerlawfirm.com
13

14                             *Attorneys for Plaintiff*

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF – CLASS              SCHROETER GOLDMARK & BENDER
ACTION - 13                             500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
                                        Phone (206) 622-8000 ● Fax (206) 682-2305