THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL MAYFIELD, on behalf of
himself and others similarly situated,

Plaintiff,

v.

ACE AMERICAN INSURANCE
COMPANY,

Defendant.

No.: 2:18-cv-01695-RSM

DEFENDANT ACE AMERICAN
INSURANCE COMPANY'S  MOTION TO
DISMISS AND TO STRIKE CLASS
ALLEGATIONS

**NOTE ON MOTION CALENDAR:**

**April 19, 2019**

**Oral Argument Requested**

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

**Alston & Bird LLP**
1201 W. Peachtree Street
Atlanta, GA 30309
Telephone: 404.881.7000

1    Pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(f) and 23(d)(1)(D),

2    Defendant ACE American Insurance Company ("ACE") hereby moves this Court to dismiss

3    Plaintiff Michael Mayfield's Complaint (ECF No. 1) and to strike Plaintiff's class allegations.

4    **INTRODUCTION**

5    This dispute stems entirely from Plaintiff's mistaken belief that he is entitled to interest

6    under the terms of an employee welfare benefit plan governed by the Employee Retirement

7    Income Security Act of 1974 ("ERISA").  Plaintiff is seeking an award of interest for ACE's

8    alleged delay in paying a $1,229,250.00 accidental death benefit following the death of

9    Plaintiff's wife, Alison Mayfield.  Compl. ¶ 45.  Plaintiff's primary claim is an ERISA §

10   502(a)(1)(B) claim for the interest benefit, with a derivative ERISA § 502(g)(1) claim for

11   attorney's fees and costs.  The Complaint also includes multiple references to alleged breaches

12   of contract.  Regardless of whether the Complaint asserts claims under ERISA or under state

13   contract law, it should be dismissed.

14   As a threshold matter, all of Plaintiff's claims are predicated on the theory that he was

15   wrongfully denied interest.  But Plaintiff is not entitled to recover interest under the terms of

16   the applicable ERISA plan.  ACE complied with the terms of the plan, and no interest was

17   owed.  Accordingly, the Complaint should be dismissed with prejudice.

18   To the extent Plaintiff asserts any state law claim for breach of contract, it should also

19   be dismissed as preempted by ERISA.  In the alternative, the Complaint should be dismissed

20   or stayed due to Plaintiff's failure to exhaust the plan's administrative remedies with respect

21   to his interest claim.  While Plaintiff completed the administrative review process with respect

22   to his claim for an accidental death benefit (and was ultimately paid this benefit as a result of

23   pursuing that process), the Complaint on its face demonstrates that Plaintiff did not follow the

24   same required procedures with respect to his claim for interest.  At the very least, the Complaint

25   should be stayed to develop an administrative record on the claim for interest and permit the

26   claims administrator to consider that claim in the first instance.  Finally, the class allegations

MOTION TO DISMISS AND TO STRIKE
CLASS
NO.: 2:18-CV-01695-RSM                    PAGE 1        **Bullivant|Houser|Bailey PC**          **Alston & Bird LLP**
                                                        1700 Seventh Avenue, Suite 1810          1201 W. Peachtree Street
                                                        Seattle, Washington 98101-1397           Atlanta, GA 30309
                                                        Telephone: 206.292.8930                  Telephone: 404.881.7000

in the Complaint should be stricken because whether or not interest is owed to an individual member of the putative class under the terms of the ERISA plan requires a highly individualized inquiry that is dependent on the facts of each class member's circumstances and claim. Such claims are inappropriate for class treatment as a matter of law.

## **FACTUAL BACKGROUND**

As a benefit of his employment with Delta Airlines, Inc. ("Delta"), Plaintiff is a participant in the Delta Air Lines, Inc. Optional Insurances Plan ("Plan")[1], which includes accidental death and dismemberment ("AD&D") insurance as a component Benefit Program. *See* Compl. ¶¶ 10-11; Plan, Art. 1 (Ex. 1). Delta issued a Benefits Handbook and Summary Plan Description which summarize the Plan's AD&D benefit ("Summary Plan Description").[2] ACE insured the Plan's AD&D benefit, and the terms of this coverage are provided in ACE's Group Accident Policy and Group Accident Certificate of Insurance (the "Policy").[3] *See* Compl. ¶¶ 5, 10-11; Plan §§ 2.2, 5.7(b) (Ex. 1); Summary Plan Description, p. 1 (Ex. 2). Administrative Concepts, Inc. ("ACI") provides administrative services with respect to the AD&D insurance coverage, including claims processing services. Compl. ¶ 6.

The Policy contains the following provision concerning the subject of interest (the "Interest Clause"):

> **Claims Information**. Within 15 working days of receipt of proof of loss, We will mail Covered Person a letter or notice explaining why a claim or any part has not been paid. Also, the letter or notice will include a list of any information needed to process the claim. When We have received this additional information, We have 15 working days to either pay or deny the claim. We will explain Our decision to the Covered Person.

---

[1] Attached hereto as Exhibit 1 is the Delta Air Lines, Inc. Optional Insurances Plan, including amendments thereto (cited in Compl. ¶ 11).

[2] Attached hereto as Exhibit 2 is the Summary Plan Description (cited in Compl. ¶ 15).

[3] Attached hereto as Exhibits 3 and 4 are the applicable Group Accident Policy and Group Accident Certificate of Insurance (cited in Compl. ¶¶ 10-14).

MOTION TO DISMISS AND TO STRIKE CLASS NO.: 2:18-CV-01695-RSM                    PAGE 2

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

Alston & Bird LLP
1201 W. Peachtree Street
Atlanta, GA 30309
Telephone: 404.881.7000

1   If We do not meet all of the above conditions, We will pay the Covered Person
2   18% interest per year on the benefits due. This applies only to benefits due under
    the Policy for which the above procedure has not been followed.

3   Compl. ¶ 14; Group Accident Policy, p. 14 (Ex. 3); Group Accident Certificate of

4   Insurance, pp. 11-12 (Ex. 4).

5   Through the Plan, Plaintiff had AD&D insurance coverage for his wife, Mrs. Mayfield.

6   Compl. ¶ 13.  On April 21, 2016, Mrs. Mayfield passed away "as a result of the interaction of

7   medications."  Compl. ¶ 16.  On August 8, 2016, Plaintiff submitted a claim for an AD&D

8   benefit under the Plan due to Mrs. Mayfield's death.  Compl. ¶ 17.  The following day (August

9   9, 2016), ACI sent Plaintiff a letter acknowledging receipt of the claim.  Compl. ¶ 18.  At the

10  same time, ACI also began requesting Mrs. Mayfield's medical records to determine whether

11  her death was covered under the Plan.  Compl. ¶ 19.  ACI received medical records from Mrs.

12  Mayfield's providers on a rolling-basis through January 2017.  Compl. ¶ 23.  ACI then sent

13  these medical records to an outside independent medical reviewer, who issued a report dated

14  February 26, 2017.  *See* Compl. ¶¶ 26-27.   On March 20, 2017, within 15 working days of

15  receipt of this report, ACI issued a denial of Plaintiff's claim for an AD&D benefit due to the

16  death of Mrs. Mayfield.  Compl. ¶ 28.  The claim was denied "on the stated grounds that the

17  level of prescription pain medication found in Mrs. Mayfield's system was outside of the

18  therapeutic range, and therefore not taken as prescribed by her doctor."  Compl. ¶ 28.

19  Plaintiff then waited until September 13, 2017—***177 days*** after the March 20, 2017

20  denial—to submit an appeal of the denial of his claim for the AD&D benefit.  Compl. ¶¶ 28,

21  37.  Despite Plaintiff's delay, he did not support his first-level appeal with any medical

22  documentation or evidence to refute the independent medical reviewer's conclusion that Mrs.

23  Mayfield's death was based on an intentional overdose of medication.  *See* September 13, 2017

24  Letter from Plaintiff's Counsel (cited in Compl. ¶ 37 and attached hereto as Exhibit 5).

25  Plaintiff's first-level appeal was promptly considered and denied 10 working days later on

26  September 25, 2017.  Compl. ¶¶ 37, 38.  The denial letter again explained that the denial was

MOTION TO DISMISS AND TO STRIKE
CLASS
NO.: 2:18-CV-01695-RSM          PAGE 3          Bullivant|Houser|Bailey PC          Alston & Bird LLP
                                                1700 Seventh Avenue, Suite 1810     1201 W. Peachtree Street
                                                Seattle, Washington 98101-1397      Atlanta, GA 30309
                                                Telephone: 206.292.8930            Telephone: 404.881.7000

1 based upon the independent medical review.  *Id.*

2      Plaintiff then waited until March 22, 2018—***178 days*** after the September 25, 2017
3 denial—to submit a second-level appeal.  Compl. ¶¶ 38, 39.  This second-level appeal was
4 "supported by expert testimony that refuted the bases and conclusions of the medical review."
5 Compl. ¶ 39.  On April 11, 2018 (within 14 working days), ACI acknowledged receipt of the
6 second-level appeal and advised Plaintiff that "it was being forwarded to the ERISA appeals
7 committee at CHUBB."  Compl. ¶ 40.  ACI also instructed Plaintiff to provide "any additional
8 information you may have that was not previously provided that you believe may impact our
9 decision."  *See* April 11, 2018 Letter from ACI, p. 1 (cited in Compl. ¶ 40 and attached hereto
10 as Exhibit 6).  On April 24, 2018, Plaintiff wrote that he was "await[ing] the decision of the
11 ERISA Appeals Committee," thus indicating that he did not have any further information to
12 provide regarding his appeal.  *See* Plaintiff's April 24, 2018 Letter, p. 1 (cited in Compl. ¶ 41
13 and attached hereto as Exhibit 7).  On May 1, 2018, exactly 14 working days after the April
14 11, 2018 acknowledgment letter—and only 5 working days after Plaintiff's April 24, 2018
15 correspondence confirming that he would not be submitting further information to support the
16 appeal—Plaintiff's second-level appeal was ***approved***.  Compl. ¶ 42.  Accordingly, ACE paid
17 Plaintiff the $1,229,250.00 AD&D benefit for the death of Mrs. Mayfield.  Compl. ¶ 43.

18      Despite the speed with which Plaintiff's claim was processed and decided after the
19 receipt of requisite information, Plaintiff brings the present lawsuit alleging that he is entitled
20 to 18% interest for an alleged delay of 463 days in issuing the $1,229,250.00 AD&D benefit.
21 Compl. ¶ 45.  However, as discussed herein, the delay was Plaintiff's own.  Based on the
22 allegations in the Complaint, and the correspondence it references and upon which it relies,
23 Plaintiff's claim and appeals were decided within the Plan's timing requirements.  Thus,
24 Plaintiff is not entitled to interest under the terms of the Plan.

25

26

MOTION TO DISMISS AND TO STRIKE
CLASS
NO.: 2:18-CV-01695-RSM

PAGE 4

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

Alston & Bird LLP
1201 W. Peachtree Street
Atlanta, GA 30309
Telephone: 404.881.7000

1    **ARGUMENT**

2    **I.    The Complaint should be dismissed for failure to state a claim.**

3         "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

4    accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

5    U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim

6    has facial plausibility when the plaintiff pleads factual content that allows the court to draw

7    the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556

8    U.S. at 678.  The complaint must allege "more than labels and conclusions, and a formulaic

9    recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

10        As the Supreme Court has observed, dismissal motions are an "important mechanism

11   for weeding out meritless claims" in ERISA actions. *Fifth Third Bancorp v. Dudenhoeffer*,

12   573 U.S. 409, 425 (2014).  To the extent that a complaint fails to meet this threshold level of

13   plausibility, "this basic deficiency should . . . be exposed at the point of minimum expenditure

14   of time and money by the parties and the court." *Twombly*, 550 U.S. at 557-58.  Rule 8 simply

15   "does not unlock the doors of discovery for a plaintiff armed with nothing more than

16   conclusions." *Iqbal*, 556 U.S. at 678-79.

17        In deciding this Motion, the Court may consider the documents attached hereto.  All of

18   these documents are referenced extensively in the Complaint; form the sole basis for Plaintiff's

19   claim; and their authenticity is not disputed.  *See, e.g., Marder v. Lopez*, 450 F.3d 445, 448

20   (9th Cir. 2006); *Rubio v. Capital One Bank*, 613 F.3d 1195, 1199 (9th Cir. 2010).[4]

21   _____

22   [4] *See also Abram v. Wachovia Mortg.*, No. C12-1679JLR, 2013 U.S. Dist. LEXIS 61800, at
     *3 n.2 (W.D. Wash. Apr. 30, 2013) ("The court considers these letters in ruling on this motion

23   even though they are not attached to the Complaint.  In ruling on a Rule 12(b)(6) motion, a
     court may consider documents that are incorporated by reference into the complaint without
     converting the motion to dismiss into a motion for summary judgment."); *Cycle City, Ltd. v.*

24   *Harley-Davidson Motor Co.*, 81 F. Supp. 3d 993, 1008 n.4 (D. Haw. 2014) ("The Court may
     consider the letter on a motion to dismiss, without converting it to summary judgment, because

25   the letter is referenced in the Complaint."); *Herron v. Smith & Nephew, Inc.*, 7 F. Supp. 3d
     1043, 1045 n.2 (E.D. Cal. 2014) ("the Approval Letter is incorporated into the complaint by

26   reference, and may be considered on the dismissal motion without converting the dismissal

**A.**   **Plaintiff's ERISA claims should be dismissed for failure to state a claim for interest based on the terms of the Plan.**

Plaintiff fails to state a claim because the allegations in the Complaint make clear that Plaintiff is not owed the interest he seeks under the terms of the Plan.  Accordingly, Plaintiff's claim under ERISA § 502(a)(1)(B) should be dismissed, along with the derivative claim for attorney's fees and costs under ERISA § 502(g)(1).  *See, e.g.,* 29 U.S.C. § 1132(a)(1)(B) (a participant may "recover benefits due to him under the *terms of his plan*") (emphasis added); *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) ("a fees claimant must show 'some degree of success on the merits' before a court may award attorney's fees under § 1132(g)(1)").

As stated in the Complaint, the Plan contains the following "Interest Clause":

**Claims Information**. Within 15 working days of receipt of proof of loss, We will mail Covered Person a letter or notice explaining why a claim or any part has not been paid.  Also, the letter or notice will include a list of any information needed to process the claim.  When We have received this additional information, We have 15 working days to either pay or deny the claim. We will explain Our decision to the Covered Person.

If We do not meet all of the above conditions, We will pay the Covered Person 18% interest per year on the benefits due. This applies only to benefits due under the Policy for which the above procedure has not been followed.

Compl. ¶ 14. Even if one assumes that the allegations of the Complaint are true, it is plain that the conditions of the Interest clause were met in full and thus no interest is payable here.

First, the Interest Clause requires that a claimant receive "a letter or notice explaining why a claim or any part has not been paid" and "a list of any information needed to process the claim" within 15 working days of providing proof of loss.  Compl. ¶ 14.  Here, Plaintiff "faxed a Proof of Claim form" on or about August 8, 2016.  Compl. ¶ 17.  The very next day (August 9, 2016), ACI sent Plaintiff a letter "acknowledging receipt of his Proof of Claim[,]"

---

motion into one for summary judgment"); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (affirming district court's reliance on plan document in ERISA case, not attached to plaintiff's complaint, in ruling on motion to dismiss), *superseded by statute on other grounds.*

MOTION TO DISMISS AND TO STRIKE CLASS
NO.: 2:18-CV-01695-RSM                    PAGE 6

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

Alston & Bird LLP
1201 W. Peachtree Street
Atlanta, GA 30309
Telephone: 404.881.7000

informing Plaintiff that ACI "had already sent out requests for some of Mrs. Mayfield's medical records[,]" and explaining that ACI needed a completed "HIPAA release to allow ACI to obtain additional medical records to review his claim." Compl. ¶¶ 18-20.  Thus, Plaintiff received the required notice within *one (1) working day* regarding the necessity of obtaining additional medical documentation to process the claim.  *Id.*  The initial 15 working days deadline was clearly met.

Second, the Interest Clause provides that a claim must be either paid or denied within 15 working days of receiving the "information needed to process the claim." Compl. ¶ 14. Here, the Complaint asserts that "ACI received the last set of medical records it had requested on January 5, 2017,"[5] and thus incorrectly assumes that the deadline to decide the claim began at that point. Compl. ¶¶ 23-24.  The Complaint, however, separately acknowledges that "ACI sent some of Mrs. Mayfield's medical records to a purported outside and 'independent medical reviewer'" and that the requested independent medical reviewer's report was not received until February 26, 2017. Compl. ¶¶ 26-27. Since February 26, 2017 was a Sunday, the independent medical reviewer's report was not actually received until February 27, 2017. *See also* Plaintiff's May 24, 2018 Letter, p. 2 (cited in Compl. ¶ 50 and attached hereto as Exhibit 8) ("Markings on the [independent medical reviewer's report] show that it was faxed to and/or received by ACI on February 27, 2017."). The independent medical reviewer's report constituted "information needed to process the claim" (Compl. ¶ 14), and thus a decision on Plaintiff's initial claim was not due until March 20, 2017—15 working days after ACI received the independent medical reviewer's report. Compl. ¶ 14.  As the Complaint acknowledges, Plaintiff's claim was denied on March 20, 2017. Compl. ¶ 28.  Thus, the 15 working day deadline to decide Plaintiff's initial claim was met. The Complaint further acknowledges that the March 20, 2017 letter explained that the claim was denied "on the stated grounds that the

---

[5] While further medical records were actually received after this date, Plaintiff's assertion is accepted as true for the purposes of this Motion.

MOTION TO DISMISS AND TO STRIKE
CLASS
NO.: 2:18-CV-01695-RSM

PAGE 7

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

Alston & Bird LLP
1201 W. Peachtree Street
Atlanta, GA 30309
Telephone: 404.881.7000

1  level of prescription pain medication found in Mrs. Mayfield's system was outside of the

2  therapeutic range, and therefore not taken as prescribed by her doctor." Compl. ¶ 28. Thus,

3  ACE also met the Interest Clause's condition to "explain Our decision" in the claim denial

4  letter. Compl. ¶¶ 14, 28.

5        Given the above, ACE met the conditions of the Interest Clause. Both of the 15 working

6  day deadlines contained in the Interest Clause were met, and Plaintiff was promptly notified

7  of the processing and denial of his claim, including the basis for the denial.

8        Importantly, the Interest Clause does not apply to the processing of appeals because it

9  only imposes conditions on the initial "receipt of proof of loss" and corresponding initial

10  claim—not subsequent appeals. *See* Compl. ¶ 14. And, even if it did apply, the decisions on

11  both Plaintiff's first-level and second-level appeals were also made within all conditions of the

12  Interest Clause.

13        First, Plaintiff's first-level appeal was submitted on September 13, 2017 and denied 10

14  working days later on September 25, 2017. Compl. ¶¶ 37, 38. The denial letter explained that

15  the appeal was denied based upon the independent medical review. *Id.*

16        Second, Plaintiff's second-level appeal was submitted on March 22, 2018. Compl. ¶

17  39. "On April 11, 2018 [i.e., 14 working days later], ACI acknowledged by letter its receipt

18  of the second appeal and stated it was being forwarded to the ERISA appeals committee at

19  CHUBB." Compl. ¶ 40. The April 11, 2018 letter also asked Plaintiff to provide "any

20  additional information you may have that was not previously provided that you believe may

21  impact our decision." ACI's April 11, 2018 Letter, p. 1 (cited in Compl. ¶ 40 and attached

22  hereto as Exhibit 6). On April 24, 2018, Plaintiff wrote that he was "await[ing] the decision

23  of the ERISA Appeals Committee," thus indicating that he did not have any further information

24  to provide regarding his appeal. Plaintiff's April 24, 2018 Letter, p. 1 (cited in Compl. ¶ 41

25  and attached hereto as Exhibit 7). Plaintiff's second-level appeal was subsequently approved

26  on May 1, 2018—i.e., 14 working days after the initial April 11, 2018 letter and only 5 working

1   days after Plaintiff's April 24, 2018 correspondence.  Compl. ¶ 42.  Accordingly, all conditions

2   of the Interest Clause were also met with respect to Plaintiff's first-level and second-level

3   appeals.

4        Because the Complaint shows the conditions of the Interest Clause were fully met,

5   Plaintiff's allegations do not support a plausible claim for relief.  As such, the Complaint

6   should be dismissed for failure to state a claim for interest based on the terms of the Plan.  *See,*

7   *e.g., Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 108 (2013) ("we have

8   recognized the particular importance of enforcing plan terms as written in § 502(a)(1)(B)

9   claims"); *Steelman v. Prudential Ins. Co. of Am.*, No. S-06-2746 LKK/GGH, 2007 U.S. Dist.

10  LEXIS 30149, at *22-23 (E.D. Cal. Apr. 3, 2007) ("A plaintiff who brings a claim for benefits

11  under ERISA must identify a specific plan term that confers the benefit in question.  Indeed,

12  The Court may dismiss an action if the plaintiff is not entitled to a benefit they seek under the

13  ERISA-regulated plan.") (internal citations omitted).

14     **B.   Any state law claims should be dismissed as preempted by ERISA.**

15       It is unclear from Plaintiff's Complaint whether he intends to assert a state law claim

16  for breach of contract.  *See, e.g.,* Compl. ¶¶ 58(d) and 66 (alleging ACE "breached their

17  contracts and/or violated ERISA" and "breached their insurance contracts").  But, to the extent

18  Plaintiff asserts any state law claim (in particular, any state law claim for breach of contract),

19  it should be dismissed as preempted by ERISA.  *See, e.g., Aetna Health v. Davila*, 542 U.S.

20  200, 209 (2004) ("any state-law cause of action that duplicates, supplements, or supplants the

21  ERISA civil enforcement remedy . . . [is] pre-empted").

22       By its terms ERISA expressly "supersede[s] any and all State laws insofar as they may

23  now or hereafter ***relate to*** any employee benefit plan. . . ."  ERISA § 514(a), 29 U.S.C. §

24  1144(a) (emphasis added).  Thus, any state law claims—whether based on state common or

25  statutory law —that "relate to" an ERISA plan are preempted by ERISA § 514.  *Pilot Life Ins.*

26  *Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987), *superseded by statute on other grounds*.  In this

MOTION TO DISMISS AND TO STRIKE
CLASS
NO.: 2:18-CV-01695-RSM                    PAGE 9     **Bullivant|Houser|Bailey PC**        Alston & Bird LLP
                                                     1700 Seventh Avenue, Suite 1810     1201 W. Peachtree Street
                                                     Seattle, Washington 98101-1397      Atlanta, GA 30309
                                                     Telephone: 206.292.8930            Telephone: 404.881.7000

1  regard, ERISA's preemption provision is expansive and the Supreme Court interprets the term

2  "relate to" broadly:

> 3  A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Under this "broad
> 4  common-sense meaning," a state law may "relate to" a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans,
> 5  or the effect is only indirect. Pre-emption is also not precluded simply because a state law is consistent with ERISA's substantive requirements.

6  *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990); *see also Shaw v. Delta Air*

7  *Lines, Inc.*, 463 U.S. 85, 97 (1983) (A state law claim "relates to" an ERISA plan, and thus is

8  preempted, "if it has a connection with or reference to such a plan.").

9  Here, Plaintiff's claims clearly "relate to" an ERISA plan. *See, e.g.,* Compl. ¶ 11 ("The

10  Policy provided insurance coverage benefits to employees of Delta, as part of a benefit plan

11  authorized under the federal Employee Retirement Income Security Act of 1974 ('ERISA').").

12  In fact, all of Plaintiff's claims are predicated upon the alleged failure to pay interest according

13  to the terms of the Plan at issue. *See generally* Compl. Accordingly, to the extent Plaintiff

14  asserts any state law claim (in particular, any state law claim for breach of contract), it must

15  be dismissed as preempted by ERISA. *See, e.g., Nevill v. Shell Oil Co.*, 835 F.2d 209, 212

16  (9th Cir. 1987) ("appellant's state claims of breach of contract . . . are all preempted" by

17  ERISA); *Nielsen v. Unum Life Ins. Co. of Am.*, 58 F. Supp. 3d 1152, 1162-63 (W.D. Wash.

18  2014) ("By seeking benefits under the Plan, Plaintiff's breach of contract claims are made in

19  connection with and thereby relate to an ERISA plan and are thus expressly preempted.")

20  (internal citation omitted) (Martinez, C.J.).

21  **C.    In the alternative, the Complaint should be dismissed or stayed due to**
22  **Plaintiff's failure to administratively exhaust his claim for interest.**

23  Prior to bringing an ERISA claim in federal court, a plaintiff must exhaust

24  administrative remedies under the relevant benefit plan. *Diaz v. United Agric. Emp. Welfare*

25  *Benefit Plan & Tr.*, 50 F.3d 1478, 1483 (9th Cir. 1995). "Although not explicitly set out in the

26  statute, the exhaustion doctrine is consistent with ERISA's background, structure and

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

**Alston & Bird LLP**
1201 W. Peachtree Street
Atlanta, GA 30309
Telephone: 404.881.7000

1   legislative history and serves several important policy considerations, including the reduction

2   of frivolous litigation, the promotion of consistent treatment of claims, the provision of a non-

3   adversarial method of claims settlement, the minimization of costs of claim settlement and a

4   proper reliance on administrative expertise." *Id.* (citing *Amato v. Bernard*, 618 F.2d 559, 566–

5   68 (9th Cir. 1980)). "[F]ederal courts have the authority to enforce the exhaustion requirement

6   in suits under ERISA, and [ ] as a matter of sound policy they should usually do so." *Amato*,

7   618 F.2d at 568.

8          Here, Plaintiff does not allege that he has exhausted administrative remedies with

9   respect to his claim for interest.  Review of the Complaint and the correspondence mentioned

10  in it shows that Plaintiff's interest claim has in fact not been subjected to the Plan's formal

11  administrative review process.  Plaintiff's failure to exhaust administrative remedies with

12  respect to his claim for interest is in stark contrast to his completion of the Plan's initial claim

13  and two levels of appeals to exhaust administrative remedies with respect to his primary claim

14  for the AD&D benefit.  *See, e.g.,* Compl. ¶¶ 17, 37, 39.  Indeed, with respect to Plaintiff's

15  primary claim for the AD&D benefit, his pursuit of administrative remedies resulted in a

16  decision in his favor.

17         Plaintiff first raised the issue of interest in general on May 2, 2018, after ACE agreed

18  to pay the underlying AD&D benefit claim.  On that date, Plaintiff's counsel requested

19  information regarding "how much interest would be provided."  Compl. ¶ 46.  This request,

20  however, was not a claim for interest based on the terms of the Plan.  *See* May 2, 2018 E-mail

21  from Matthew Menzer (cited in Compl. ¶ 46 and attached hereto as Exhibit 9).  Instead, this

22  short email was in response to ACE's earlier request for "information about the payee and

23  mailing address" for the AD&D benefit check.  *Id.*  Along with providing the requested

24  payment information, Plaintiff's counsel simply asked for further details regarding the total

25  amount of the AD&D benefit payment, including whether it was calculated to include any

26  interest and attorney's fees and costs.  *Id.*

MOTION TO DISMISS AND TO STRIKE
CLASS
NO.: 2:18-CV-01695-RSM

PAGE 11

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

**Alston & Bird LLP**
1201 W. Peachtree Street
Atlanta, GA 30309
Telephone: 404.881.7000

On May 16, 2018, ACE "responded by letter stating that there was no basis for a payment of interest and its adjudication of Mr. Mayfield's claim complied with the ERISA claims procedure." Compl. ¶ 49; ACE's May 16, 2018 Letter, p. 1 (cited in Compl. ¶ 49 and attached hereto as Exhibit 10). This letter "did not mention the Interest Clause." *Id*. However, Plaintiff's May 2, 2018 email, to which this letter responded, had not claimed he was entitled to interest under the Interest Clause. *See* May 2, 2018 E-mail from Matthew Menzer (cited in Compl. ¶ 46 and attached hereto as Exhibit 9). Instead of a claim based on the Interest Clause, Plaintiff merely inquired about interest and attorney's fees and costs. *Id*.

Subsequent correspondence between Plaintiff's counsel and ACE similarly does not reference the Plan's Interest Clause or otherwise purport to be a claim for interest due under the terms of the Plan and/or a decision with regard to any such claim. *See* Plaintiff's May 24, 2018 Letter (cited in Compl. ¶¶ 50-51 and attached hereto as Exhibit 8); ACE's June 18, 2018 Letter (cited in Compl. ¶ 53 and attached hereto as Exhibit 11). To be sure, Plaintiff offered various grounds for seeking interest in his May 24, 2018 letter, but the letter never mentioned the Plan's Interest Clause, which is the sole basis for his claims here. *Id*.

Plaintiff first articulated a claim for interest pursuant to the Plan's Interest Clause in his Complaint and not beforehand. Thus, the Plan's claims administrator has not yet had the opportunity to consider the merits of a claim under the Plan's Interest Clause. Under such circumstances, courts either dismiss or stay the lawsuit to allow the claims administrator to first consider the claim and develop an administrative record. *See, e.g., Jantos v. Prudential Life Ins. Co. of Am.*, No. 2:15-cv-01530-RAJ, 2017 U.S. Dist. LEXIS 60660, at *4-5 (W.D. Wash. Apr. 20, 2017) ("Plaintiff must attempt to utilize Defendant's internal resources before venturing into a federal forum. . . . Defendant proved that it could resolve Plaintiff's issues both internally and in her favor based on Plaintiff's appeal in 2016.") (internal citations omitted); *Shadow v. Cont'l Airlines*, No. SA-06-CA-619-XR, 2006 U.S. Dist. LEXIS 89588, at *27-28 (W.D. Tex. Dec. 11, 2006) ("The Plan has not yet been given an opportunity to

MOTION TO DISMISS AND TO STRIKE CLASS
NO.: 2:18-CV-01695-RSM

PAGE 12

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

Alston & Bird LLP
1201 W. Peachtree Street
Atlanta, GA 30309
Telephone: 404.881.7000

consider whether Plaintiff's pension benefits have been miscalculated or whether Plaintiff is entitled to arrearages and interest on wrongfully withheld payments under the terms of the Plan. As such, Plaintiff's claims are DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies."); *Wolford v. Wolford*, No. C17-1673 TSZ, 2018 U.S. Dist. LEXIS 42886, at *5 (W.D. Wash. Mar. 15, 2018) ("In addition, before commencing any litigation pursuant to ERISA, plaintiff was required to exhaust his administrative remedies, and his failure to do so constitutes another basis for dismissing this case.") (internal citations omitted); *Estate of Covello v. Nordstrom, Inc.*, No. C18-1025-MJP, 2018 U.S. Dist. LEXIS 185932, at *5-6 (W.D. Wash. Oct. 30, 2018) (granting motion to dismiss due to plaintiff's failure to exhaust administrative remedies); *Bunger v. Unum Life Ins. Co. of Am.*, 299 F. Supp. 3d 1145, 1164-65 (W.D. Wash. 2018) (remanding to administrator where it was undisputed that plaintiff failed to exhaust claim for LTD benefits in relation to any gainful occupation standard).

Accordingly, this action should be dismissed or stayed to allow Plaintiff to exhaust his Interest Clause claim. This Court's review of Plaintiff's Interest Clause claim will only be necessary if it is denied in the course of this administrative review process.

## II.     Plaintiff's class allegations should be stricken.

Plaintiff seeks to represent a class of persons consisting of "All persons who:

(1)     made claims under a group accident insurance policy issued by ACE and/or CHUBB as part of an ERISA benefit plan that contained a provision materially identical to that quoted below:

**Claims Information.** Within 15 working days of receipt of proof of loss, We will mail Covered Person a letter or notice explaining why a claim or any part has not been paid. Also, the letter or notice will include a list of any information needed to process the claim. When We have received this additional information, We have 15 working days to either pay or deny the claim. We will explain Our decision to the Covered Person.

If We do not meet all of the above conditions, We will pay the Covered Person 18% interest per year on the benefits due. This applies only to benefits due under the Policy for which the above procedure has not been followed;

MOTION TO DISMISS AND TO STRIKE
CLASS
NO.: 2:18-CV-01695-RSM                          PAGE 13                          Bullivant|Houser|Bailey PC          Alston & Bird LLP
                                                                                1700 Seventh Avenue, Suite 1810     1201 W. Peachtree Street
                                                                                Seattle, Washington 98101-1397      Atlanta, GA 30309
                                                                                Telephone: 206.292.8930             Telephone: 404.881.7000

(2)  whose claims were not paid or denied by ACE and/or CHUBB within the deadline set forth in the provision from the date the company or its agents received all information listed in the notice or letter to the claimant as needed to process the claims; and

(3)  who were not paid interest on benefits due and ultimately paid."

Compl. ¶ 55.

Even if one or more of Plaintiff's own claims could survive dismissal, Plaintiff's attempt to assert these claims on behalf of a putative class fails on the face of the Complaint, and the class allegations should be stricken and/or dismissed.  Rule 23(d)(1)(D) authorizes district courts to enter orders that "require that the pleadings be amended to eliminate allegations about representation of absent persons."  This is such a case.

Courts in this Circuit and across the country have held that a defendant may move to strike or dismiss class allegations prior to discovery where the complaint demonstrates that the requirements for maintaining a class action cannot be met.  *See, e.g., Kamm v. Cal. City. Dev. Co.*, 509 F.2d 205 (9th Cir. 1975) (affirming motion to dismiss class action and to strike class allegations); *Enoh I Enoh v. Hewlett Packard Enter. Co.*, No. 17-cv-04212-BLF, 2018 U.S. Dist. LEXIS 115688, at *42-43 (N.D. Cal. July 11, 2018) (granting motion to strike) (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed within the named plaintiff's claim."); *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1044 (N.D. Cal. 2014) (striking class allegations that were overbroad because they included employees not subject to pay system plaintiff was challenging).

Courts in this Circuit have also repeatedly recognized that cases relating to claims handling or alleged failures to pay benefits are not appropriate for class adjudication and do not satisfy the requirements of Rule 23.  *See, e.g., Levias v. Pac. Mar. Ass'n*, No. 08-cv-1610-JPD, 2010 U.S. Dist. LEXIS 11495, at *19 (W.D. Wash. Jan. 25, 2010) (denying class certification in action related to wage benefits where "individual questions predominate over

MOTION TO DISMISS AND TO STRIKE CLASS
NO.: 2:18-CV-01695-RSM

PAGE 14

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

Alston & Bird LLP
1201 W. Peachtree Street
Atlanta, GA 30309
Telephone: 404.881.7000

any common questions"); *Lemberg v. Scottsdale Healthcare Corp. Health Plan*, No. CV-11-00271-PHX-ROS, 2013 U.S. Dist. LEXIS 192557, at *9 (D. Ariz. Feb. 4, 2013) (denying plaintiff's motion to certify class in action related to adverse benefit determinations for failure to establish commonality) (citing additional cases). Because cases like this are so clearly ill-suited for class treatment, Plaintiff should not be permitted to amplify a highly fact-intensive, individual dispute into a class action, and the class allegations should be stricken from the pleadings.

### A.   Plaintiff must satisfy the threshold requirements of Rule 23.

Class actions are governed by Rule 23 of the Federal Rules of Civil Procedure. A party who wishes to bring a class action must establish that all four threshold requirements of Rule 23(a)[6] and at least one subsection of Rule 23(b) are met. *United Steel, Paper & Forestry, Rubber, Mfg. Energy v. ConocoPhillips Co.*, 593 F.3d 802, 806 (9th Cir. 2010). Because Plaintiff seeks only monetary relief in this action, Plaintiff must meet the requirements of Rule 23(b)(3).[7] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011) ("individualized monetary claims belong in Rule 23(b)(3)"); *accord Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 987 (9th Cir. 2011) (holding Rules 23(b)(1) and (2) do not authorize class certification when each class member would be entitled to an individualized award of monetary damages). Rule 23(b)(3) requires that "questions of law or fact common to class members

---

[6] Rule 23(a) sets the following four prerequisites to any class action: (1) a class "so numerous that joinder of all members in impracticable"; (2) the existence of "questions of law or fact common to the class"; (3) class representatives with claims or defenses "typical of the claims or defenses of the class"; and (4) class representatives that "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

[7] While Plaintiff's Complaint includes a conclusory statement requesting "[c]ertification of this case as a class action under Fed. R. Civ. P. 23(a) and one or more of the subsections of Fed. R. Civ. P. 23(b)" (Compl. VI(1)), Plaintiff's request for relief noticeably omits any reference to injunctive or declaratory relief. Rather, Plaintiff's Complaint requests exclusively monetary relief, (*see* Compl. VI(2)), making class claims under Rule 23(b)(1) or (2) inappropriate. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011) ("individualized monetary claims belong in Rule 23(b)(3)").

---

MOTION TO DISMISS AND TO STRIKE
CLASS
NO.: 2:18-CV-01695-RSM                    PAGE 15                    **Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930                    **Alston & Bird LLP**
1201 W. Peachtree Street
Atlanta, GA 30309
Telephone: 404.881.7000

predominate over any questions affecting only individual members" and that the class action "is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).  As the party seeking class certification, Plaintiff bears the burden of showing that all of these criteria are satisfied.  *See Ellis*, 657 F.3d at 979.

If the "'issues are plain enough from the pleadings to determine whether interests of the absent parties are fairly encompassed within the named plaintiff's claims,' courts may address class certification issues in a 12(b)(6) motion." *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1211 (C.D. Cal. 2008) (citing *Falcon,* 457 U.S. at 160); *see also Stanley v. Cent. Garden & Pet Corp.*, 891 F. Supp. 2d 757, 769 (D. Md. 2012) ("If a plaintiff fails to allege sufficient facts to meet the requirements of Rule 23, the court can order the pleadings be amended to eliminate allegations regarding the representation of absent persons . . . ."). Rule 23(d)(1)(D) of the Federal Rules of Civil Procedure provides the court with authority to "eliminate allegations about representation of absent persons" where appropriate.  *See, e.g., Lyons v. Bank of Am.*, No. C 11-1232 CW, 2011 U.S. Dist. LEXIS 145176, at *20 (N.D. Cal. Dec. 16, 2011) (granting motion to strike class allegations "because the proposed class includes many members who have not been injured"); *Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1148 (N.D. Cal. 2010) (granting motion to strike); *Randolph v. Allstate Ins. Co.*, No. DKC 99-3344, 2001 WL 36042162, at *4 (D. Md. May 11, 2001) (granting motion to strike class allegations and rejecting plaintiff's argument that class discovery was warranted); *Waters v. Electrolux Home Prod., Inc.*, No. 5:13-cv-151, 2016 WL 3926431, at *4 (N.D. W. Va. July 18, 2016) (granting motion to strike class allegations prior to discovery after concluding that plaintiffs' class allegations were "facially deficient"); *Lumpkin v. E.I. Du Pont De Nemours & Co.*, 161 F.R.D. 480, 481 (M.D. Ga. 1995) (granting motion to strike class allegations before discovery since it was clear that Rule 23 requirements could not be met); *Wolfkiel v. Intersections Ins. Srvs. Inc.*, 303 F.R.D. 287, 294 (N.D. Ill. 2014) (granting motion to strike where, on the face of the complaint, it is evident that "individualized inquiries would inevitably

MOTION TO DISMISS AND TO STRIKE CLASS
NO.: 2:18-CV-01695-RSM

PAGE 16

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

Alston & Bird LLP
1201 W. Peachtree Street
Atlanta, GA 30309
Telephone: 404.881.7000

1  predominate over the common questions of fact").

2  **B.    Plaintiff's class allegations fail because individual fact issues predominate.**

3  The Rule 23(b)(3) "predominance inquiry tests whether proposed classes are

4  sufficiently cohesive to warrant adjudication by representation." *Tyson Foods, Inc. v.*

5  *Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S.

6  591, 623 (1997)). "In determining whether common questions predominate, the Court

7  identifies the substantive issues related to plaintiff's claims (both the causes of action and

8  affirmative defenses); then considers the proof necessary to establish each element of the claim

9  or defense; and considers how these issues would be tried." *Faulk v. Sears Roebuck & Co.*,

10  No. 11-CV-02159 YGR, 2013 U.S. Dist. LEXIS 57430, at \*23 (N.D. Cal. Apr. 19, 2013)

11  (citing *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 810 (2011) ("Considering

12  whether 'questions of law or fact common to class members predominate' begins, of course,

13  with the elements of the underlying cause of action."). When the claims at issue require

14  individual factual proof as to each member, a Rule 23(b)(3) action is inappropriate. *See Mazza*

15  *v. Am. Honda Motor Co.*, 666 F.3d 581, 596 (9th Cir. 2012) (vacating district court grant of

16  class certification decision because "common questions of fact do not predominate where an

17  individualized case must be made for each member showing reliance").

18  In the present case, Plaintiff attempts to characterize the questions of law and fact that

19  serve to unite the class as "[w]hether ACE and/or CHUBB have a policy, pattern, or practice

20  of failing to pay interest due under the terms of its ERISA group accident policies when they

21  fail to timely pay or deny the benefits due under the policies." Compl. ¶ 58(a). The problem

22  with this approach is that the actions of ACE with respect to each individual putative class

23  member will require a detailed and individual examination of the specific facts relating only

24  to that class member. Absent such an individualized inquiry, it will be impossible to determine

25  on a class-wide basis whether there was "interest due" under the terms of the plans at issue.

26  The alleged "policy, pattern or practice" can only be examined after, and in the context of,

1  individual adjudications of the threshold issue of whether interest was due—which is

2  essentially the same individual, factual dispute raised in Plaintiff's Complaint.

3       To determine whether ACE appropriately handled any particular claim for interest,

4  including whether ACE's determination was correct and consistent with the terms of the

5  insurance policy/ERISA plan, each individual's claim file would have to be examined as to

6  numerous multi-tiered, highly individualized—not common—issues.  For each putative class

7  member, the Court would be required to consider and decide, among other things:

8  • the terms of the applicable policy/plan and interest provisions;

9  • whether a putative class member has exhausted his or her administrative remedies under
10  the applicable policy/plan with respect to both the primary benefit claim and the claim for
   interest;

11  • whether the putative class member has complied with all other terms of the applicable
   policy/plan with respect to both the primary benefit claim and the claim for interest (such
12  as providing adequate proof of loss and responding to requests for information);

13  • whether ACE has complied with the terms of the applicable policy/plan and interest
   provisions (including any conditions related to the payment of interest, such as whether
14  communications were timely under the policy/plan);

15  • whether a primary benefit was owed to the putative class member under the policy/plan
   and the circumstances related to any alleged delay in the payment of this benefit
16  (including whether the delay was attributable to ACE or the putative class member, or
   due to a proper reason such as the receipt of documentation necessary to process the
17  benefit claim);

18  • whether there was any breach of the applicable interest benefit provisions (including
   whether interest was actually owed under the applicable policy/plan);
19
   • whether the putative class member has waived or released his or her claim for interest;
20  and

21  • whether the putative class member's claim for interest is barred by the applicable statute
   of limitations and/or the applicable policy/plan's contractual limitations period.
22
   For example, the detailed discussion in Section I(B) above regarding the facts and
23
   circumstances surrounding Plaintiff's claim for interest would need to be undertaken with
24
   respect to each individual class member.
25
        These individual issues are the death knell of Plaintiff's class action because "questions
26

MOTION TO DISMISS AND TO STRIKE
CLASS
NO.: 2:18-CV-01695-RSM

PAGE 18

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

Alston & Bird LLP
1201 W. Peachtree Street
Atlanta, GA 30309
Telephone: 404.881.7000

affecting only individual members" predominate over any "questions of law or fact common to class members." Fed. R. Civ. P. 23(b)(3); *see also Lightbourne v. Printroom Inc.*, 307 F.R.D. 593, 601 (C.D. Cal. 2015) ("This case presents a slew of individual questions and affirmative defenses that would need to be litigated for each [putative class member]. Considered together, these issues and defenses clearly predominate over the common issues present in this action."). Neither liability nor damages for the putative class claims can be determined through class-wide proof. Proof that one putative class member's interest benefit was triggered and breached upon review of that putative class member's administrative record and applicable insurance policy/ERISA plan will in no way prove that some other putative class member, with his or her own fact-intensive claim for benefits and interest, also suffered damages as a result of the interest provision being triggered and breached. The adjustment of these claims, and administrative review of them, involves a very high level of specificity and highly individualized assessment. ACE handled Plaintiff's claim and the claims of any putative class members based on the unique facts and circumstances surrounding each of those individual benefit claims. Plaintiff's claims raise predominantly individual issues of fact, which would require "mini-trials" as to the claims of each putative class member, defeating the central purpose of the class action device. As such, Plaintiff's putative class is plainly insufficient to meet the requirements of Rule 23 based on the individualized issues that predominate and overwhelm in this case.

Courts in this Circuit and across the country have routinely granted motions to strike class allegations or otherwise refused to certify putative classes like this one because the classes asserted claims that were too riddled with individual inquiries, rendering them inappropriate for class treatment. *See, e.g., Saucedo v. Nw. Mgmt. & Realty Servs.*, 290 F.R.D. 671, 680 (E.D. Wash. 2013) (rejecting class certification on claim where "there is simply no way to either prove or disprove class-wide liability 'in one stroke.' Given that each alleged violation arises from a unique set of facts, individual inquiries would be required to prove

MOTION TO DISMISS AND TO STRIKE
CLASS
NO.: 2:18-CV-01695-RSM

PAGE 19

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

Alston & Bird LLP
1201 W. Peachtree Street
Atlanta, GA 30309
Telephone: 404.881.7000

liability."); *In re Phenylpropanolamine (ppa) Prods. Liab. Litig.*, 211 F.R.D. 435, 440 (W.D. Wash. 2002) (granting motion to strike where plaintiffs failed to show that common issues of fact predominate over questions affecting individual class members); *Pepka v. Kohl's Dep't Stores, Inc.*, No. CV-16-4293-MWF (FFMx), 2016 U.S. Dist. LEXIS 186402, at *11 (C.D. Cal. Dec. 21, 2016) ("Plaintiff's class allegations are insufficient to show that common issues would predominate over individual ones in this action and must therefore be stricken from the complaint."). Here, there is no class-wide proof available to determine membership in the putative fail-safe class[8], liability to each member of the proposed class, or damages for each member of the class. Only a fact intensive, case-by-case review can determine these liability-determinative fundamental issues.

## CONCLUSION

Plaintiff's Complaint fails to state any claims upon which relief can be granted. Further, Plaintiff has failed to exhaust the administrative review process that is a prerequisite to filing suit. Finally, because it is clear from the face of the Complaint that Plaintiff cannot satisfy the requirements of Rule 23, the class allegations should be stricken pursuant to Rule 23(d)(1)(D). For the reasons set forth above, the Court should grant ACE's Motion to Dismiss and to Strike Class Allegations.

---

[8] "A fail-safe class is one with a definition that aligns with the elements of the class's claim such that finding no liability for the defendants would necessarily exclude all members from the class." *Nw. Immigrant Rights Project v. U.S. Citizenship & Immigration Servs.*, 325 F.R.D. 671, 694 n.21 (W.D. Wash. 2016). Here, Plaintiff defines a fail-safe class because the proposed class includes only those individuals owed interest under materially identical plans. *See* Compl. ¶ 55.

MOTION TO DISMISS AND TO STRIKE
CLASS
NO.: 2:18-CV-01695-RSM                          PAGE 20

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

Alston & Bird LLP
1201 W. Peachtree Street
Atlanta, GA 30309
Telephone: 404.881.7000

DATED:  February 15, 2019.

BULLIVANT HOUSER BAILEY PC


By  s/Daniel R. Bentson
    John A. Bennett, WSBA #33214
    Daniel R. Bentson, WSBA #36825
    1700 Seventh Avenue, Suite 1810
    Seattle, WA 98101-1397
    206-292-8930
    E-mail:   john.bennett@bullivant.com
    E-mail:   dan.bentson@bullivant.com

    ALSTON & BIRD LLP
    Tiffany Powers (admitted *Pro Hac Vice*)
    H. Douglas Hinson (admitted *Pro Hac Vice*)
    Emily C. Hootkins (admitted *Pro Hac Vice*)
    1201 West Peachtree Street
    Atlanta, GA 30309
    (404) 881-7000
    E-mail:   tiffany.powers@alston.com
    E-mail:   doug.hinson@alston.com
    E-mail:   emily.hootkins@alston.com

Attorneys for Defendant ACE American
Insurance Company

MOTION TO DISMISS AND TO STRIKE
CLASS
NO.: 2:18-CV-01695-RSM

PAGE 21

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

Alston & Bird LLP
1201 W. Peachtree Street
Atlanta, GA 30309
Telephone: 404.881.7000

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 15, 2019, I electronically filled with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the person(s) listed below:

Adam J. Berger
Lindsay L. Halm
Schroeter, Goldmark & Bender, P.S.
810 Third Ave., Suite 500
Seattle, WA  98104
berger@sgb-law.com
halm@sgb-law.com

Matthew N. Menzer
John David Toren
Menzer Law Firm, PLLC
705 Second Ave., Suite 800
Seattle, WA  98104
mnm@menzerlawfirm.com
johndavid@menzerlawfirm.com

*Attorneys for Plaintiff Michael Mayfield*

I declare under penalty of perjury under the laws of the United States this 15th day of February, 2019, at Seattle, Washington.


s/ Genevieve Schmidt
Genevieve Schmidt, Legal Assistant

4812-1941-4920.1

MOTION TO DISMISS AND TO STRIKE CLASS
NO.: 2:18-CV-01695-RSM                    PAGE 22                    **Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930          **Alston & Bird LLP**
1201 W. Peachtree Street
Atlanta, GA 30309
Telephone: 404.881.7000