UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL MAYFIELD, on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ACE AMERICAN INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 1:19-cv-02425-SDG |

## [PROPOSED] PRELIMINARY APPROVAL OF SETTLEMENT ORDER

Currently before the Court for preliminary approval is a Settlement (the "Settlement") of this putative class action (the "Action") brought by Plaintiff Michael Mayfield ("Plaintiff") asserting claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA") against ACE American Insurance Company ("Defendant") ("Plaintiff" and "Defendant" collectively are the "Parties"). The terms of the Settlement are set out in a Settlement Agreement executed on July 7, 2021 (the "Agreement"), which has been signed by Plaintiff and his Counsel on behalf of the proposed Settlement Class, and Defendant and its Counsel. The "Settlement Class" is defined in this Order below and in the Agreement, attached hereto as Exhibit A.

The Court having considered Plaintiff's Motion for Preliminary Approval of Settlement and the Agreement attached thereto in order to determine, among other things, whether the

1

Settlement is sufficient to warrant the issuance of notice to members of the proposed Class, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including the Plaintiff, all Class Members, and Defendant.

2. Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Agreement.

3. Solely for purposes of Settlement, the following Settlement Class is provisionally certified pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> All persons who: (1) made claims under a group accident insurance policy issued by ACE as part of an ERISA benefit plan that contained a provision materially identical to the Interest Clause; (2) whose claims were not paid or denied by ACE within the deadlines set forth in the Interest Clause; and (3) who were not paid interest on benefits due and ultimately paid, but excludes Persons meeting the foregoing criteria who timely exclude themselves from the Class.

4. Based on the Parties' stipulations, and for settlement purposes only: (A) the Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Class Members, and include whether or not Defendant violated ERISA based on the allegations of the Complaint; (C) the claims of Plaintiff are typical of the Class Members' claims; (D) Plaintiff is an appropriate and adequate representative of the Class; and (E) his attorneys, Buckley Beal, LLP, 600 Peachtree Street, NE, Suite 3900, Atlanta, GA 30308, Schroeter Goldmark & Bender, 810 Third Avenue, Suite 500, Seattle, WA 98101, and the Menzer Law Firm, PLCC, 705 Second Avenue, Suite 800, Seattle, WA 98104, are hereby appointed as Class Counsel; and (F) a class action is the superior method for the fair and efficient adjudication of the claims of the Class Members.

5. The Court finds that (i) the Settlement resulted from extensive arm's-length negotiations and bargaining; and (ii) the Agreement and all Appendices thereto, attached hereto as

Exhibit A, is sufficiently fair, reasonable, and adequate and in the best interests of the Class to warrant the provision of Class Notice to the Class and grants preliminary approval to it.

6. RG2 is hereby appointed as Claims Administrator. All reasonable expenses incurred by RG2 in disseminating the Class Notice Package, locating corrected addresses for any Class Notice Packages returned as undeliverable, and otherwise facilitating the settlement terms as described in the Agreement shall be paid by Defendant as set forth in Paragraph 50 of the Agreement.

7. Neither Defendant nor its counsel shall be liable or otherwise responsible for any actions or omissions of RG2 in connection with its performance of the duties required pursuant to the Agreement and this Order.

8. Consideration of all other motions and deadlines pending in this lawsuit is hereby stayed until further order of Court.

9. This Court preliminarily determines that the distribution of the Class Notice Package (as set forth in the Agreement) is the best notice practicable under the circumstances; it is reasonably calculated to apprise Class Members of the pendency of the Action and of their rights to object or exclude themselves from the Settlement; it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; that it is the only notice to all Persons entitled to receive notice, and that it meets the requirements of due process under the Constitution of the United States, and any applicable law. The Court further finds that the Class Notices are written in plain English and are readily understandable by Class Members. In sum, the Court finds that the notices and proposed notice methods are reasonable, that they constitute due, adequate and sufficient notice to all persons entitled to be provided with notice, and that they meet the requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23), the United

States Constitution (including the Due Process Clause), the Local Rules of the United States District Court for the Northern District of Georgia, and any other applicable laws.

10. RG2 shall cause the Class Notice Package to be distributed by first-class mail, postage prepaid, bearing the return address of the Claims Administrator within thirty (30) days after the entry of this Order to all reasonably identifiable Class Members addressed in care of and to the last known address maintained by Defendant or its agent ACI, (and after being sent through one form of address update by the Claims Administrator) in accordance with the Agreement.

11. RG2 shall file proof of mailing of the Class Notice Package at or before the Fairness Hearing pursuant to the Agreement.

12. Each Class Member who wishes to receive the payments provided for in the Agreement must submit a Claim Form to RG2 in accordance with the instructions in the Claim Form. The Claim Form must be postmarked by the Form Deadline. Any Class Member who fails to timely submit a complete Claim Form will be forever barred from receiving payment pursuant to the terms of this Agreement.

13. Each eligible Class Member who wishes to be excluded from the Settlement Class shall submit to RG2 a completed Exclusion Form in accordance with the instructions in the Exclusion Form. The Exclusion Form must be postmarked by the Form Deadline. RG2 shall maintain a list of the names of those who provided Exclusion Forms and will provide the same to the Court prior to the Fairness Hearing.

14. Any Class Member who does not submit a timely Exclusion Form will be bound by the Agreement, as well as all proceedings, orders, and judgments in the Action.

15. Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Agreement or the Settlement, or the application for approval of Class Counsel's

attorneys' fees and costs and expenses (as set forth in the Agreement) (an "Objector"), shall file with the Clerk of the Court a written statement of the objection, as well as the specific legal and factual reasons, if any, for each objection, including any support the Class Member wishes to bring to the Court's attention and all evidence the Class Member wishes to introduce in support of the objection. The Objector must file his or her objection with the Clerk of the Court and served on Class Counsel and Counsel for Defendant no later than thirty (30) days before the date of the Fairness Hearing, or the Objector will be forever barred from objecting. The addresses for filing objections with the Court and service on counsel are as follows:

| **COURT CLERK** | **CLASS COUNSEL** | **COUNSEL FOR DEFENDANTS** |
|---|---|---|
| U.S. District Court Clerk's Office 2211 United States Courthouse 75 Ted Turner Drive, SW Atlanta, GA 30303-3309 | Adam J. Berger **Schroeter Goldmark & Bender** 401 Union Street, Suite 3400 Seattle, WA 98101 | Emily S. Costin **ALSTON & BIRD** 950 F Street, NW Washington, DC 20004 |

16. An Objector who files and serves a timely, written objection in accordance with the paragraph above may also appear at the Fairness Hearing either in person or through counsel retained at the Objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a "Notice of Intention to Appear" setting forth, among other things, the name, address, and telephone number of the Objector (and, if applicable, the name, address, and telephone number of the Objector's attorney) or counsel identified above and file it with the Court at least thirty (30) calendar days prior to the Fairness Hearing, or by no later than _____, 2021. Any Objector who does not timely file and serve a "Notice of Intention to Appear" in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown. The Parties' counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

17. The Fairness Hearing shall be held before this Court on -------------------- at -------- a.m./p.m. (or such other time as this Court may determine) at the United States District Court for the Northern District of Georgia, Courtroom __, 75 Ted Turner Drive, SW, Atlanta, GA 30303. At the Fairness Hearing, the Court shall consider the fairness, reasonableness, and adequacy of the Agreement and whether it should be finally approved by the Court. The Court reserves the right to continue the Fairness Hearing without further written notice.

18. Class Counsel's submission seeking the Court's final approval of the Settlement at the Fairness Hearing will be filed with the Court no later than fourteen (14) days before the date of the Fairness Hearing.

19. In the event that the Settlement is not finally approved for any reason, Defendant shall, pursuant to the Agreement, retain its rights to contest certification of the Class. The Court's findings and ruling herein are not to be deemed an admission of liability or fault by Defendant or by any other Person, or a finding on the validity of any claims asserted in the Action or of any wrongdoing or of any violation of law by Defendant. Neither the Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Released Persons of the truth of any of the allegations made in the Action, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of the Released Persons, except that Defendant may file this Order in any action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20. Defendant shall, on or before ten (10) calendar days prior to the Fairness Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1715.

21. Pending final determination as to whether the Settlement, as set forth in the Agreement, should be approved, no Class Member shall institute, maintain, or assert any Released Claims against any Released Person, whether directly, representatively, or in any capacity, and regardless of whether or not any such Class Member has appeared in the Action.

22. In the event this Order becomes of no force or effect, no part of it shall be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability, nor shall the Order be construed or used as an admission, concession, or declaration by or against Plaintiff or the Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

SO ORDERED this \_\_\_\_ day of _____, 2021.

_____

Honorable Steven D. Grimberg